IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIBAL FUSION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CLICK HERE, INC. d/b/a RICHARDS INTERACTIVE, *et al.*, <br><br> Defendants. <br> _____ / | No. C 04-05184 JSW <br><br> **ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR IMPROPER VENUE, TO ABATE, OR TO TRANSFER** |

Now before the Court are the motions of defendant True Beginnings, LLC ("True") to dismiss the complaint for improper venue, in the alternative to abate the case, or to transfer the above captioned matter to Texas and of defendants Click Here, Inc. d/b/a Richards Interactive ("Click Here") and the Richards Group, Inc. to dismiss, abate or transfer. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court DENIES Defendants' motions.

## BACKGROUND

In this case, plaintiff Tribal Fusion Inc. ("Tribal Fusion") is suing for breach of contract and account stated based on Defendants' alleged failure to pay Tribal Fusion for internet advertising services it provided. Tribal Fusion is a company with its principal place of business in Emeryville, California. (Compl., ¶ 5; Declaration of Dilip DaSilva ("DaSilva Decl."), ¶ 2.) Tribal Fusion alleges that it signed several advertising placement insertion orders with Click Here, performed all the work required by it under the contracts and caused advertisements to be

placed for True on web sites, but has not been paid in full under the contracts. (Compl., ¶¶ 12-15, 17-19.) All of the insertion orders were generated by Tribal Fusion at its offices in Emeryville. (DaSilva Decl., ¶ 4.) It performed all the services under those orders from Emeryville, and Tribal Fusion submitted invoices issued from its offices in Emeryville for such services. (DaSilva Decl., ¶¶ 5-6.)

Defendants assert that the real crux of the dispute in this case is not whether Tribal Fusion actually provided the services or is owed money, but rather, which defendant, True or Click Here is liable to Tribal Fusion. (True Mot. at 1; Click Here Mot. at 2.) True and Click Here, both Texas companies, entered into an agreement under which Click Here was supposed to obtain on-line advertising services for True. True and Click Here initially disputed which company was liable to the vendors, such as Tribal Fusion, who provided the advertising services that Click Here solicited on behalf of True. Approximately two months before Plaintiff filed the lawsuit in this Court, Click Here filed an action against True in a state court in Texas, alleging that True failed to pay Click Here for the services it rendered. (True Mot., Ex. B, ¶¶ 10, 19-20.) In the Texas state action, True filed counterclaims against Click Here alleging, *inter alia*, claims for breach of contract, fraud and negligent misrepresentation. (True Mot., Ex. D.) Both True and Click Here argue either that the above captioned case should be stayed until the underlying dispute between True and Click Here is resolved or that this case should be transferred to Texas. However, since the parties submitted their briefs on these motions, True and Click Here informed the Court that they reached a settlement and dismissed all their claims against each other in the Texas state action. (Notice of Status of Related Action in Texas.) Although some vendors intervened in the Texas state action, and thus that case continues, the disputes between True and Click Here, including any dispute as to which company is liable to the vendors, is no longer being litigated in Texas. (*Id*.)

**A.   Venue is Proper in California.**

Defendants move to dismiss this action based on improper venue. "[V]enue is proper in a judicial district if 'a substantial part of the events or omissions giving rise to the claim occurred' in that district. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001)

2

(quoting 28 U.S.C. § 1391). In *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834 (9th Cir. 1986), the Ninth Circuit found that, in a breach of contract case, the most appropriate venue is the place where the contract was intended to be performed. *Id*. at 842; *see also Shropshire v. Fred Rappoport Co.*, 294 F. Supp. 2d 1085, 1094 (N.D. Cal. 2003) (finding venue proper where some of the negotiations were conducted and a substantial portion of the performance occurred).

Here, Tribal Fusion negotiated and performed the contracts from its offices in Emeryville, California. Therefore, venue is proper in the Northern District of California.

**B.      Abatement Is Not Warranted.**

Defendants initially argued in their motions that this case should be abated while the companies resolve their underlying dispute in the Texas state action. In exceptional circumstances, district courts may stay or dismiss an action pursuant to the Colorado River Doctrine when there are concurrent state and federal proceedings involving the same matter. *Moses H. Cone Memorial Hosp. v. Mercury Center*, 460 U.S. 1, 14-15 (1983). To determine whether to stay or dismiss a case, courts consider the following factors: "(1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; ... (4) the order in which the forums obtained jurisdiction; ... (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights." *Nakash v. Marciano,* 882 F.2d 1411, 1415 (9th Cir.1989) (internal citations omitted). In the Ninth Circuit, courts should also consider whether the second suit is an "attempt to forum shop or avoid adverse rulings by the state court," as well as the threshold issue of whether the state and federal actions are "substantially similar." *Id*. at 1417. Courts must not apply the checklist mechanically, but rather, carefully balance the important factors as they apply in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*., 460 U.S. at 16.

Now that True and Click Here have reached a settlement regarding their underlying disputes and have dismissed all their claims against each other from the Texas state action, the balance tips strongly in favor of this Court exercising jurisdiction and against staying or

3

1 dismissing this case. Although other vendors who intervened in the Texas state action are still
2 pursuing their claims in that court, there is no longer a risk of piecemeal litigation regarding the
3 dispute between Tribal Fusion and Defendants or regarding the underlying dispute between
4 Defendants. Moreover, now that the underlying dispute between True and Click Here is no
5 longer at issue in the Texas state action, the state proceeding is not adequate to protect Tribal
6 Fusion's rights. Given that Courts should stay or dismiss cases pursuant to the Colorado River
7 Doctrine only in extreme circumstances, and that the balance weighs heavily in favor of the
8 Court exercising its jurisdiction, the Court concludes that it would not be proper to stay or
9 dismiss this case. Accordingly, Defendants motions to abate or dismiss are denied.

**B.     Defendants Have Not Demonstrated This Case Should Be Transferred.**

Defendants also argue this case should be transferred to Texas pursuant to 28 U.S.C. § 1404(a). A district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a). A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination of whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *See, e.g., Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The general rule is that the plaintiff's choice of forum is to be given substantial weight. *See Decker Coal*, 805 F.2d at 843. The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

Defendants argue this case should be transferred to Texas because the bulk of the evidence and witnesses are located there. However, the evidence and witnesses on which Defendants rely only seem to be relevant to the underlying dispute between True and Click Here, rather than the contract dispute between Tribal Fusion and Defendants. (True Mot. at 10; Click Here Mot. at 12.) As True and Click Here informed the Court, they reached a settlement regarding their underlying dispute and all the claims between them. Therefore, this case should

4

not focus much, if at all, on the dispute between True and Click Here. On the other hand, Tribal Fusion points to witnesses and evidence located in Emeryville which is relevant to its contract dispute with Defendants. (Opp. Br. at 12-13.)

Given the general rule that the plaintiff's choice of forum is to be given substantial weight, and Defendants' failure to demonstrate that the convenience of witnesses and the parties or the ease of access to evidence tips in favor of transferring this case to Texas, the Court concludes that Defendants have not met their burden to show that this case should be transferred. Accordingly, the Court denies Defendants' motions to transfer.

## CONCLUSION

For the foregoing reasons, the Court DENIES True's and Click Here's motions to abate, dismiss, or transfer.

**IT IS SO ORDERED.**

Dated: August 12, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE